IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DANIEL ALLEN LEWIS,

      Plaintiff,

      v.

BRANTLEY COUNTY DETENTION
CENTER, J. BOHANNON, DR. BRADLEY
PAGE, JAMIE WILSON, and LEN DAVIS,

      Defendants.

CIVIL ACTION NO.: 5:25-cv-64

## REPORT AND RECOMMENDATION

Plaintiff filed this action under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Brantley County Detention Center and Davis.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's claims against Defendants Bohannon, Page, and Wilson.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is in custody at Brantley County Detention Center.  Doc. 1 at 3.  Plaintiff brings claims under 42 U.S.C. § 1983.  Id. at 1.  Plaintiff names Brantley County Detention Center, Brantley County Sheriff Len Davis, Jail Administrator J. Bohannon, Doctor Bradley Page, and Medical Officer Jamie Wilson as Defendants.  Id. at 4.  On January 20, 2024, Plaintiff broke two

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

teeth while eating.  Id. at 5.  After being prescribed ibuprofen and amoxicillin, Plaintiff saw Defendant Page five times in 2024.  Id.  Defendant Page stated that he would "get [Plaintiff] to [a] dentist."  Id.  Defendant Wilson stated that Brantley County Detention Center does not have a dentist.  Defendant Bohannon stated that he "has no say over" Defendant Page's statement that he would "get [Plaintiff] to [a] dentist."  Id.  Plaintiff states that he has still been unable to see a dentist and that he is "in pain."  Id.  Plaintiff claims that he is "being denied medical treatment."  Id.  Plaintiff asks for monetary relief.  Id. at 6.

### STANDARD OF REVIEW

A federal court must conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and thus must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  But Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  To state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.      Entity Not Capable of Being Sued

Plaintiff names Brantley County Detention Center as Defendant. Doc. 1 at 1. To prevail on a civil rights action under § 1983, a plaintiff must show he was deprived of a federal constitutional right by a person acting under color of state law. Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Defendant Brantley County Detention Center is not a legal entity subject to suit under § 1983. Williams v. Chatham Cnty. Sheriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983."). Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Brantley County Detention Center.

### II.      Failure to State a Claim

Plaintiff also names Sheriff Len Davis as a Defendant. Doc. 1 at 1. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant when a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff's Complaint contains no factual allegations showing

3

how Defendant Davis violated Plaintiff's rights or why Plaintiff is entitled to relief.  Id.

Accordingly, I **RECOMMEND** the Court **DISMISS** his claims against Defendant Davis.

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims

against Defendants Brantley County Detention Center and Davis.  However, I **FIND** that some

of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order,

of Plaintiff's claims against Defendants Bohannon, Page, and Wilson.

Any objections to this Report and Recommendation shall be filed within 14 days of

today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the

objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United

4

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of February, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA